UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. MAXIMO GOMEZ NACER, M.D.,

                    Plaintiff,

              -against-

DIVISION OF GENERAL MEDICINE, NYPH;
DR. STEVEN SHEA, Director of the Division;
MR. IVAN ACOSTA, Producer of Music for
Children,

                    Defendants.

20-CV-5197 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated his federal constitutional rights. By order dated July 29, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead his claims.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff asserts his claims using the Court's general complaint form, which he supplements with more than 85 additional pages of text and exhibits. He checks the box on the form invoking the Court's federal question jurisdiction, and in the section of the form asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "First Amendment of the Constitution or Freedom of Speech. Fourth Amendment of the Constitution or violation of privacy. Fourteenth Amendment of the Constitution, deprivation of due process; and exposing a member of the honorable medical class to extreme duress,

harassment and slavery-like circumstances under 42 U.S.C. section 1983."[1] (ECF No. 2, at 2.)[2]

He states that his claims arose at the New York Presbyterian Hospital from "2001 to today." (*Id.*

at 5.)

The following allegations are taken from the complaint and the exhibits attached thereto.

Plaintiff was formerly working at the Division of General Medicine of New York Presbyterian

Hospital while studying to become a certified doctor in the United States, "which he

accomplishe[d] [i]n July 2001." (*Id.*) Plaintiff writes,

> But then a terrible leak happens with the specific intentions of making it virtually
> impossible to find any job in the private sector and as a consequence of this
> collision, he is introduced to the 'Compassionate Agenda' on July 2002 and since
> then he has been exposed to an incremental deprivation of Constitutional rights
> described further in detail on this complaint.

(*Id.*)

Plaintiff maintains that he is "the inventor of the 'Animal Powered Electricity Generator'

and the 'Gravity Buoyancy Solutions' clean energy alternatives that represent savings in oil

imports at significant scale." (*Id.*) Plaintiff alleges that he

> was building the 'Animal Powered Electricity Generator' at the apartment of the
> hospital at the moment when the leak happened and he had disclosed his business
> plan to generate abundant alternative clean energy with the Director of the
> Division of General Medicine of the Hospital (NYPH) at the time, therefore
> [Plaintiff] has concluded that Dr. Steven Shea is directly or indirectly responsible
> for the torture-like circumstances present in the life of Dr. Gomez ever since, to
> the point he has been a homeless American for more than six years now.

(*Id.* at 6.) Plaintiff alleges he has been subjected to "forced servitude and slavery for nearly 17

years." (*Id.*)

---

[1] Plaintiff writes in all capital letters in the handwritten sections of the complaint. When
quoting those sections of the complaint, the Court uses standard capitalization for readability.

[2] Page numbers refer to those generated by the Court's electronic filing system.

Plaintiff attaches to the complaint a letter addressed to "the Clerk" that includes more than 80 pages of "exhibits." In the letter, Plaintiff states that he "has been blocked from equal access to jobs, salary, credit, property, housing, or even the right to live in a peaceful place and therefore the ability of citizens to pursue a normal life, with liberty, and the pursuit of happiness." (*Id.* at 8.)  Plaintiff asserts that "national secrets" were released in 2001, and that it was done to make it difficult for him to find a job and to "create a new form of slavery that uses among other elements, the use of a virtual electronic virtual wall." (*Id.* at 9.) These violations are "deeply associated with the new capability of centralized filters, the so-called 'cookies', and the new centralized (geographically remote) capacity to render useless any possible effort of the quiet citizen to pursue a normal life." (*Id.*) He states that

> [p]eople working under the umbrella of the States, agencies, and divisions have to become accountable for the use of any pilot projects that discriminate or violate the American Constitution even if they are just intermediaries or perpetrators that operate from a distance in another State and are using the capability to remotely destroy or modify records such as job applications, grants or even emailed between regular citizen[s].

(*Id.*)

Plaintiff attaches numerous exhibits, which include a "timeline" of events, illustrations, excerpts from his patent application, photographs, cartoons, and other materials, along with descriptions of each.

Plaintiff seeks monetary compensation from the Division of General Medicine "due to loss of livelihood." (*Id.* at 17.) He includes extensive documentation of the income he claims to have lost, which includes "[l]oss of business and damage" to Zoo-Mechanics Corporation, a company for which Plaintiff is Founder and President. (*Id.* at 18-19.)

4

**DISCUSSION**

**A.      Claims under 42 U.S.C. § 1983**

To the extent Plaintiff is asserting claims under 42 U.S.C. § 1983 that Defendants

violated his federal constitutional rights, those claims must be dismissed. A claim for relief under

§ 1983 must allege facts showing that each defendant acted under the color of a state "statute,

ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not

generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013)

(citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see

also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States

Constitution regulates only the Government, not private parties.").

Because New York Presbyterian Hospital is a private, non-profit hospital, and

Defendants Shea and Acosta are private parties who do not work for any state or other

government body, Plaintiff fails to state a § 1983 claim against these defendants.

**B.      Rule 8**

The Court must also dismiss any remaining claims that Plaintiff may be asserting because

the complaint fails to comply with Rule 8's requirement that a complaint must contain a "short

and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or

otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. United States

House of Representatives*, 68 F. App'x. 233, 235 (2d Cir. 2003) (summary order) (quoting

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

By presenting a great deal of disjointed and confusing information, Plaintiff has rendered

it impossible for the Court to discern what, if any, other claims for relief he may be seeking to

assert. The Court therefore dismisses any remaining claims Plaintiff may be asserting for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin*, 861 F.2d at 42. Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff is proceeding *pro se*, and in an abundance of caution, the Court grants Plaintiff 30 days' leave to replead his claims. In any amended complaint, Plaintiff must plead facts with sufficient clarity to state a plausible claim for relief.

If Plaintiff chooses to file an amended complaint, the Court strongly encourages him to seek assistance from someone who can help him organize his thoughts and claims. If Plaintiff needs legal advice related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The amended complaint, if Plaintiff chooses to file one, should be sent to this Court's Pro Se Intake Unit.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

6

The Court dismisses Plaintiff's complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to hold this matter open on the docket until a civil judgment is entered.

The Court grants Plaintiff 30 days' leave to replead his claims. If Plaintiff chooses to replead his claims, he must submit any amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-5197 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

SO ORDERED.

Dated:    August 7, 2020
          New York, New York

                                              _Louis L. Stanton_
                                              Louis L. Stanton
                                              U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____                  ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*                  **AMENDED
COMPLAINT**

          -against-

_____                  Jury Trial:  □ Yes      □ No
_____                                    (check one)
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*


I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.


Plaintiff      Name _____

               Street Address _____

               County, City _____

               State & Zip Code _____

               Telephone Number _____


B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.


*Rev. 12/2009*                                    1

Defendant No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.      Facts: _____

_____

| What happened to you? |
|---|

_____
_____
_____
_____

| Who did what? |
|---|

_____
_____

_____

| Was anyone else involved? |
|---|

_____
_____

| Who else saw what happened? |
|---|

_____
_____
_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

_____

_____

Telephone Number           _____

Fax Number *(if you have one)*  _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


Signature of Plaintiff:   _____

Inmate Number            _____


*Rev. 12/2009*                                         4



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York.  The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or  come by either clinic during office  hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

---

**The Hon. Charles L. Brieant Jr. Federal Building and Courthouse**
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
12 p.m. - 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of