UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXIMO GOMEZ NACER, IV,

                Plaintiff,

-against-

DR. STEVEN SHEA, Director of the Division of General Medicine; MR. IVAN ACOSTA, Producer of Music,

                Defendants.

20-CV-5197 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Plaintiff brings this action *pro se* and *in forma pauperis*. By order dated August 7, 2020, the Court dismissed Plaintiff's claims for failure to state a claim on which relief may be granted, but granted him 30 days' leave to replead his claims. On September 2, 2020, the Court received an amended complaint. (ECF No. 6.) On September 11, 2020, the Court received what Plaintiff labels as a "Motion of the Plaintiff to Add Evidence." (ECF No. 7.) And on September 23, 2020, the Court received from Plaintiff a 92-page document labeled "Motion to Add Exhibits." (ECF No. 8.) For the reasons set forth below, the Court dismisses the amended complaint.

**STANDARD OF REVIEW**

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff invokes the Court's federal question jurisdiction and writes in a cover letter,

> Attached please find an AMENDED COMPLAINT presented under title 18 of the United States Code. Because this case has been going on uninterruptedly since July 2001 to the present, there are features that can be matched with the sections 77, or exposing the person (a certified medical doctor and teacher) to conditions of peonage and obstructing enforcement of laws that prevent medical insurance fraud; sections 1584 or involuntary servitude and attempted to kill; section and 1589 or forced labor with frequent threats and abuse of legal processes against a

> member of the essential medical profession and it is all associated with the new capacity never existing before that is the capacity of the central intelligence artificial times (cia-t) to collect data from private citizens and to use it in a way that is contrary to the civil rights, the equal protection of the law, and attempted against many areas of the Constitution of the United States . . . .

(ECF No. 6, at 5.)

Plaintiff writes,

> Dr. Gomez Nacer, IV has been exposed to serious harm including non-physical, financial and reputational harm; he has been forced to divorce, exposed to homelessness for more than 5 years, exposed to very frequent threats and punitive/life-threatening actions, abuse of legal process, violation of privacy, habeas corpus rights, due process, freedom of expression, blocked from equal access to jobs, salary, credit, property, housing and even the right to live in a peaceful place and therefore the ability of a citizen to pursue a normal life, with liberty and the pursuit of happiness since 2001 to today.

(*Id.* at 3.) And,

> Dr. Steven Shea, who "introduced/sold" me to a person (Kitty Dean) who was a liaison with the capacity to organize "collective parties" or organized crimes and Mr. Ivan Acosta who knew and told me that I "was going to be exposed to a program that was almost impossible to pass."

(*Id.*)

Plaintiff appends to the amended complaint a copy of the "You're Welcome America monologue of Will Ferrell" from the television show Saturday Night Live, the same "chronology" of events that he included in the original complaint, and pages of diagrams and calculations.

In his "Motion of the Plaintiff to Add Evidence," received by the Court on September 11, 2020, Plaintiff writes,

> The present complaint is about the ability of Dr. Gomez, IV to bring his clean energy solutions to America to have credit for the contributions he has made to life, liberty, and the pursuit of happiness as well as to the prevention of any form of slavery from ever happening in the United States again. Clean energy solutions are a matter of national security because our oil reserves are reaching the end of the oil era. . . . He has communicated with local, regional, and state leaders but

3

> instead of finding a decent response or a place where he can build his technologies, he is exposed to harassment, people that constantly destroying his job, duress, and the anonymous calls that seem to be part of a political football.

(ECF No. 7, at 1.) He attaches to his motion,

> samples of letters, drawings, and description of sequence of steps of how to use water in order to generate clean energy virtually in any home, public building or neighborhood in the nation. The Gravity Buoyancy technology is a good solution to be implemented in our towns and communities and Dr. Gomez has all the credentials, skills, and motivations to bring this project to success at the right time when these solutions are vitally needed.

(*Id.*)

On September 23, 2020, the Court received a 92-page "Motion to Add Exhibits" in which Plaintiff writes,

> The American Banking and Financial Services industry of this country cannot be allowed to run rampant trying to prevent the innovations invented for this American (or any other) or to fabricate new forms of slavery by creating filters that use the new capabilities of the Central Intelligence Artificial telecommunication times (CIA-Tt).

(ECF No. 8, at 1.) He attaches a document that he claims "explains the conditions that lead to the collapse of the financial sector in 2001, that were repeated in 2008 and that are the same conditions existing today." (*Id.*) He also attaches the "FISA courts document released December 8, 2019," and states that he "became an American citizen in 2003 when the President was promoting the Compassionate Agenda but he was clearly never removed from the underlying 'FISA structure' that was abused by some agencies and government officials under financial pressure and the so-called 'minimization procedures.'" (*Id.*)

## DISCUSSION

The amended complaint fails to cure the deficiencies identified by the Court in its August 7, 2020 order. Plaintiff again names as defendants Steven Shea and Ivan Acosta. But private parties are generally not liable under 42 U.S.C. § 1983. *Sykes v. Bank of America*, 723 F.3d 399,

406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because Shea and Acosta are private parties who do not work for any state or other government body, Plaintiff fails to state a § 1983 claim against these defendants. Moreover, the amended complaint fails to comply with Rule 8's requirement that a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To the extent Plaintiff invokes criminal statutes,[1] the Court must dismiss those claims. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

The Court therefore dismisses the amended complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the

---

[1] For example, Plaintiff cites 18 U.S.C. § 1589, which provides for criminal penalties for obtaining forced labor, and Chapter 77 of the federal criminal code ("Peonage, Slavery, and Trafficking in Persons").

defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses the amended complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies Plaintiff's "Motion to Add Exhibits" (ECF No. 8).

SO ORDERED.

Dated:   September 29, 2020
         New York, New York

                                                      *Louis L. Stanton*
                                                     Louis L. Stanton
                                                        U.S.D.J.